IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THATCHERS, L.L.C. d/b/a THATCHERS' FINE TIMELESS FABRIC,<br><br>        Plaintiff,<br><br>v.<br><br>THE MADDEN GROUP, LLC, d/b/a MELLY M,<br><br>        Defendant. | Civil Action No.<br><br>**<u>Jury Trial Demanded</u>** |

## **<u>VERIFIED COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF</u>**

Plaintiff markets and sells unique upholstery fabric and other materials displaying original designs owned by Plaintiff and whimsically inspired by experiences and elements found in luxurious and exotic locales. Defendant markets and sells clothing made from fabric that simply copies Plaintiff's copyrighted designs without permission. Defendant thus trades on Plaintiffs' creativity and diminishes the value of Plaintiff's unique creations. Accordingly, Plaintiff alleges the following:

### **Plaintiff**

1.    Plaintiff Thatchers, L.L.C. is a Missouri limited liability company doing business under the trade name Thatchers' Fine Timeless Fabric with its principal place of business within this District in St. Louis County, Missouri.

2.    Plaintiff is in the business of creating original works of visual art for upholstery fabric and other materials.

**Defendant**

3. Defendant The Madden Group, LLC, doing business as Melly M, is a Florida limited liability company with a principal business address at 455 NE 5th Avenue, D-125, Delray Beach, Florida 33483. Melissa Madden is the managing member of Defendant and the "Melly M" of its name.

4. Defendant is in the business of designing, distributing, marketing and selling women's apparel. It conducts sales transactions via its interactive website at www.mellym.com ("Defendant's Website") and, according to that Website, through "over 500 boutiques and on-line retailers globally."

**Jurisdiction and Venue**

5. This is an action for copyright infringement arising under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"). The Court has subject matter jurisdiction under 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant because, among other things, Defendant conducts business and enters into contracts within the State of Missouri on a regular and ongoing basis in that, among other things:

> A. Defendant's Website is an interactive website in which customers can purchase Defendant's products for shipment to their mailing address in Missouri; and
>
> B. Defendant distributes its apparel to retailers in Missouri, including the Woman's Exchange on Clayton Road in St. Louis County, for sale to Missouri customers.

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(a).

**Plaintiff's Artwork**

8. Plaintiff is the sole owner of the copyright registrations in the relevant artwork, as more fully set forth below.

9. Plaintiff specially commissioned the artist Leigh Ann Martin Hooten to create original works of visual art for use in upholstery fabric and other materials.

10. This lawsuit principally involves the work of visual art entitled *Les Joyaux des Princesses* ("Design One") (Figure 1, below, and Exhibit 1 to this Complaint (true and accurate copy of design filed with the United States Copyright Office)).



Figure 1: Plaintiff's Design One

3

11. Design One consists of nine original medallion designs positioned in a unique sequential pattern. As indicated in Figure 1, that unique sequential pattern—like all such patterns on upholstery fabric and other decorative materials—repeats across the full length of the material.

12. Ms. Hooten created Design One in 2007 and assigned all rights, including the copyright, to Plaintiff.

13. The United States Copyright Office has granted to Plaintiff a Certificate of Registration of the copyright in Design One, Registration No. VA 1-671-613, effective April 15, 2008. Plaintiff is listed as the Copyright Claimant on that Certificate, an accurate copy of which is attached to this Complaint as Exhibit 2.

14. This lawsuit also involves the work of visual art entitled *Les Trois Princesses de la Mer* ("Design Two"), an accurate copy of which is attached to the Complaint as Exhibit 3.

15. Ms. Hooten created Design Two in 2007 and assigned all rights, including the copyright, to Plaintiff.

16. The United States Copyright Office has granted to Plaintiff a Certificate of Registration of the copyright in Design Two, Registration No. VA 1-691-204, effective April 15, 2008. Plaintiff is listed as the Copyright Claimant on that Certificate, an accurate copy of which is attached to this Complaint as Exhibit 4.

**Defendant's Misconduct**

17. Earlier this year, Plaintiff discovered that the Woman's Exchange in St. Louis was selling various dresses and skirts by Defendant that had fabric designs substantially similar to Plaintiff's Design One, with the addition of an image from Plaintiff's Design Two.

4

18. Accurate copies of examples of Defendant's infringing fabric designs ("Knock-off Designs"), which are also featured on Defendant's Website, are attached as Exhibits 5, 6, and 7.

19. As more fully illustrated in Figure 2, below, the Knock-off Designs feature a total of nine different medallions that are substantially similar to the nine medallions in Plaintiff's Design One.



| Label | Plaintiff's Medallion Names | Plaintiff's Original Medallion Designs | Defendant's Medallion Designs |
|---|---|---|---|
| 1 | Sunset celebration | | |
| 2 | Wilma | | |

| | | |
|---|---|---|
| 3 | Sushi | |
| 4 | Versailles Anemone | |
| 5 | Pelican Shoals Star | |
| 6 | Thatchers' Fine | |





| | | |
|---|---|---|
| 7 | Marquesas | |
| 8 | Pearls on the Half Shell | |
| 9 | Nautical Star | |

Figure 2: Knock-off Medallion Comparison

20. Further, as alleged above, Design One consists of nine original medallion designs positioned in a unique sequential pattern. Defendant's Knock-off Designs are arranged in the identical sequential pattern as Design One, as shown in Figure 3 below.

 

Plaintiff's Original Design One                                   Defendant's Knock-off Design

Figure 3: Knock-off Pattern Comparison

21. Additionally, the curlicue shape used in Design Two as the connector between the individual images in Design Two is the same curlicue shape Defendant uses as the connector between the nine medallion designs in its Knock-off Design.

22. Finally, the nine medallions in the original Design One pattern, as applied to upholstery fabric by Plaintiff, are the same size (diameter and circumference) as the nine medallions in the Knock-off Design, as applied to apparel fabric by Defendant.

23. Upon information and belief, Defendant had access to Design One and Design Two prior to its creation of the Knock-off Design.

## COUNT I — COPYRIGHT INFRINGEMENT

24. Plaintiff realleges and incorporates here the foregoing paragraphs of this Complaint as this paragraph 24.

25. Defendant's actions constitute willful infringement of Plaintiff's copyrights in Design One.

26. Defendant has already infringed Plaintiff's copyrights and caused irreparable harm through its unauthorized copying, manufacturing, distribution, marketing, sale and public display of the Knock-off Design in its apparel. If not enjoined, Defendant will continue to cause Plaintiff irreparable harm.

27. As a direct and proximate result of that breach, Plaintiff has also suffered monetary damages in an amount to be determined at trial.

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor and against Defendant as follows:

    A. A preliminary injunction during the pendency of this action and a permanent injunction thereafter enjoining and restraining Defendant, its agents, servants, employees, members, partners, licensees, divisions, affiliates, parent corporation(s), and all others in active concert or participation with any of them (including Defendant's distributors) from copying, manufacturing, distributing, marketing, selling, publicly displaying, or otherwise making any use of the Knock-off Image.

    B. An order compelling Defendant to recall all apparel containing the Knock-off Image in the possession of distributors or retailers for impoundment pending final disposition of this action.

      C.      An order compelling the destruction or other reasonable disposition of all copies of the Knock-off Images on any medium or product made or used in violation of the Plaintiff's rights, and of all engravings, screens, plates, molds, or other articles by means of which such copies may be reproduced.

      D.      An order that Defendant account to Plaintiff for all gains, profits, and advantages realized by Defendant by its infringement of Plaintiff's copyrights and/or such damages as are proper.

      E.      An award of monetary damages or, at Plaintiff's option, statutory damages sufficient to compensate Plaintiff for the injuries suffered as a result of Defendant's wrongful conduct;

      F.      An award to Plaintiff of its costs and reasonable attorney's fees expended in this action; and

      G.      An award of such other and further relief as the Court deems just and proper.

### Jury Demand

Plaintiff demands trial by jury of all issues so triable.

> /s/ *Michael A. Kahn*
> Michael A. Kahn (#35411MO)
> mkahn@brickhouselaw.com
> Geoffrey G. Gerber (#47097MO)
> ggerber@brickhouselaw.com
> Abigail S. Durlester (#65172MO)
> adurlester@brickhouselaw.com
> **The BrickHouse Law Group**
>     PROFESSIONAL CORPORATION
> 1006 Olive Street, Ste. 303
> St. Louis, Missouri 63101-2048
> Tel: (314) 932-1070
>
> Attorneys for Plaintiff

## VERIFICATION

State of Missouri    )
                     )
Count of St. Louis   )

Before me, the undersigned authorized authority, in and for the above-referenced State and County, personally appeared Rebecca D. Smith, who, being by me first duly sworn, deposes and states as follows: that she is the managing member of Thatchers, LLC and that the factual averments contained in the foregoing Verified Complaint for Injunctive and Other Relief are true and correct to the best of her knowledge, information, and belief.

_____
REBECCA D. SMITH
MEMBER

Subscribed and sworn to before me this 6th day of March, 2013.

_____
Notary Public

My Commission Expires:

Aug. 27, 2014
_____
[SEAL]

> KRISTY SCHIRES
> Notary Public - Notary Seal
> STATE OF MISSOURI
> St. Charles County
> My Commission Expires: Aug. 27, 2014
> Commission # 10394549

11